UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF NORTH CAROLINA
Misc. No.

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | **DECLARATION OF EDWARD NORMAND** |

1. I am a member of the law firm Boies, Schiller & Flexner LLP ("BSF"), which represents The SCO Group, Inc. ("SCO") in the action styled *The SCO Group, Inc. v. International Business Machines, Inc.*, Case No. 2:03CV0294DAK (D. Utah) (the "Utah litigation"). I submit this Declaration in connection with SCO's Motion to Enforce Subpoena and Compel Deposition filed on April 12, 2006.

2. I describe below the relevant events leading up to the parties' teleconference with Magistrate Judge Brook T. Wells of the United States District Court for the District of Utah on January 26, 2006, the substance of the January 26 teleconference as it relates to SCO's Motion, and my unsuccessful efforts to enforce the Order issued by Magistrate Judge Wells.

3. In the Utah litigation, International Business Machines, Inc. ("IBM") is represented by two law firms: Cravath, Swaine & Moore, in New York, New York ("Cravath"); and Snell & Wilmer LLP, in Salt Lake City, Utah ("Snell & Wilmer"). Cravath has also represented non-party Otis Wilson since May 2004.

4. On January 16, 2006, SCO sent a subpoena and notice of deposition for Mr. Wilson to Peter Ligh of Cravath. SCO did so in consideration of the fact that Cravath had previously accepted notices of deposition for third parties that Cravath represented. Mr. Ligh subsequently informed BSF, however, that Cravath would not accept service for Mr. Wilson. Accordingly, on January 19, a process server retained by BSF served a deposition subpoena on Mr. Wilson in Greensboro, North Carolina. The deposition was noticed for January 27 in Greensboro.

5. On January 25, I took a deposition, defended by Mr. Ligh, of another non-party. In response to my question during a break in the deposition, Mr. Ligh told me that it was his belief that Mr. Wilson had not been served with a subpoena and that as far as he knew there would be no deposition of Mr. Wilson on January 27. He suggested that I contact David Marriott of Cravath or Todd Shaughnessy of Snell & Wilmer.

6. I subsequently left a message for Mr. Marriott (after I was unable to reach him) and spoke with Mr. Shaughnessy informing him that Mr. Wilson had been properly served with a subpoena for deposition on January 27, that in SCO's view Mr. Wilson was obligated to appear for deposition on January 27, and that if Cravath or IBM believed otherwise it should raise the issue during the previously scheduled teleconference with Magistrate Judge Wells on January 26.

7. Mr. Shaughnessy appeared for IBM during the January 26 teleconference with the Court and stated that although Cravath (not Snell & Wilmer) represented Mr. Wilson, Mr. Marriott would not be able to participate in the call. With respect to Mr. Wilson's deposition, Mr. Shaughnessy argued that Mr. Wilson had already been deposed

2

and therefore should not be deposed again. He also argued that in cross-examining Mr. Wilson in that deposition, counsel for SCO had asked too many personal questions.

8. In addition, Mr. Shaughnessy said that he was not sure whether Mr. Wilson had been properly served with a deposition subpoena, but that even if Mr. Wilson had been properly served, it was Mr. Shaughnessy's understanding that no attorney from Cravath was prepared to defend to deposition. Mr. Shaughnessy therefore asked that the deposition be moved back a few weeks.

9. I informed the Court that Mr. Wilson had been properly served and that he was obligated to appear for deposition the next day. I explained to the Court that it was IBM who had noticed the deposition of Mr. Wilson in June 2004, not SCO. I explained that although SCO did cross-examine Mr. Wilson after IBM's examination, several new matters had arisen in the case since the time of that deposition, including that SCO had found in a large document production (made only a week before Mr. Wilson's deposition) the transcript of testimony Mr. Wilson had given in another matter involving the same issues as his June 2004 declaration and deposition testimony, and that in response to questions from counsel for IBM, several subsequent deponents had testified to their agreement to Mr. Wilson's June 2004 testimony.

10. I further expressed my surprise that no attorney from Cravath was prepared to defend the deposition, and I noted that although Mr. Shaughnessy said he did not represent Mr. Wilson, I understood him to be asking to postpone Mr. Wilson's deposition on behalf of IBM. I said that as a courtesy to counsel I would agree to take Mr. Wilson's deposition at a later date, in February, with the understanding that Mr. Wilson remained under subpoena. (I have since reached similar agreements with Mr.

Shaughnessy with regard to other third parties.) Mr. Shaughnessy agreed to those conditions of the postponement.

11.  The Court orally ruled that Mr. Wilson's deposition was postponed for a date to be determined by the parties in February, that his deposition was to be limited to "new matters," including Mr. Wilson's previous deposition testimony, and that Mr. Wilson not be asked about "personal matters" during the deposition. The Court subsequently entered the following on the docket:

> Minute Entry for proceedings held before Judge Brooke C. Wells: Telephone Conference held on 1/26/2006. The Court hears arguments as to depositions and rules as follows: The depositions of Otis Wilson and Ted Kennedy ONLY may be extended by 30 days (by 2/26/05). Counsel are to agree on the date and time. As to Mr. Wilson - he is not to be subjected to any questions other than reasonable inferences re: new information ONLY. As to the depositions of the three corporations addressed by SCO, the Court will not address this except via motion, which SCO may file. Attorney for Plaintiff: Ted Normand, Attorney for Defendant Todd Shaughnessey. (alp, ) (Entered: 01/26/2006)

12.  On February 10, as had been our practice for many months, I spoke with Mr. Shaughnessy regarding the numerous pending discovery-related issues. Considering his involvement in the January 26 teleconference, I included Mr. Wilson's deposition among the issues I discussed with Mr. Shaughnessy by asking that IBM provide a date for the deposition. Mr. Shaughnessy acknowledged my request in a February 11 e-mail to me, in which he listed the issues we had discussed and his response. Confirming the Court's order that Mr. Wilson appear for deposition, Mr. Shaughnessy wrote:

4

> 3.  SCO has requested proposed deposition dates for Otis Wilson and Edward Kennedy.
>
> We are working on dates. Please let me know whether you have an objection to one/both of these depositions occurring in late March.

13. I responded to Mr. Shaughnessy's February 11 e-mail on February 12 writing: "SCO would strongly prefer to depose both Mr. Wilson and Mr. Kennedy in the next few weeks."

14. I subsequently requested a date for Mr. Wilson's deposition during phone calls with Mr. Shaughnessy. Mr. Shaughnessy said at least once during those calls that counsel for IBM had not been able to "get a date" from Mr. Wilson. On February 27, alluding to the scheduled end of discovery on March 17, I sent Mr. Shaughnessy the following e-mail:

```
Todd --

This is to confirm that I have now repeatedly asked
you to provide a deposition date for Otis Wilson,
that IBM regards the Court as having ordered their
counsel to produce Mr. Wilson for deposition (I
recall that she asked you to provide a date for him
in February), that counsel for IBM has attempted to
obtain a deposition date from Mr. Wilson, that
counsel has not been able to obtain a deposition date
from Mr. Wilson, that counsel is continuing to
attempt to get a deposition date from Mr. Wilson, and
that SCO is entitled to depose Mr. Wilson after March
17 if Mr. Wilson does not make himself available for
deposition before that time.  Please let me
know.  Regards,

Ted
```

15. In response, Mr. Shaughnessy raised the issue of what "new matters" SCO proposed to raise with Mr. Wilson during the deposition. He also said that it was now his understanding that an attorney in North Carolina might be representing Mr. Wilson but

5

that he did not know the name of the attorney. On March 2, I sent Mr. Shaughnessy the following e-mail:

> Todd --
>
> We do need to resolve the Otis Wilson deposition
> issues.  If IBM continues to disagree with my view of
> the appropriate scope of the deposition (or if IBM
> and/or Mr. Wilson's attorney does not agree to a flat
> time limitation, like 4 hours), or if Mr. Wilson
> and/or his attorney simply decline to provide a date
> to IBM, then I need to call the Magistrate Judge.  I
> would propose to do so today or tomorrow.  Thanks,
>
> Ted

16. In response, Mr. Shaughnessy said that he would get the name of Mr. Wilson's North Carolina attorney. On March 6, I asked Mr. Shaughnessy by e-mail to send me the name of the North Carolina attorney. On March 6, Mr. Shaughnessy sent me the following e-mail:

> Ted,
>
> Otis' Wilson North Carolina counsel is Mike Medford, who can be reached at 919-510-9241. Snell has never represented Mr. Wilson. Cravath is not handling Mr. Wilson's motion to quash and/or for a protective order, though I don't believe Cravath has been fired.
>
> Todd

17. I subsequently spoke with Mr. Medford on several occasions to try to arrange a date for Mr. Wilson's deposition within a scope acceptable to Mr. Medford and his client, but we were unable to reach agreement. It is my understanding from those discussions that Mr. Medford has had some trouble getting in touch with Mr. Wilson.

6

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This the 12th day of April, 2006.

*Edward Normand*
Edward Normand