IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 01: 06-mc-00046 PTS

| | |
|---|---|
| The SCO Group, Inc., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| International Business Machines Corp., | ) ) ) |
| Defendant. | ) ) ) |

## OTIS WILSON'S REPLY BRIEF
## IN SUPPORT OF MOTION TO QUASH

Pursuant to L. R. Rule 7.3, Otis Wilson hereby submits this reply brief in support of his Motion to Quash and for Protective Order.

### ARGUMENT

SCO Group's response to the Motion to Quash still does not identify any <u>new</u> matter justifying a second, duplicative deposition of Mr. Wilson. SCO Group allegedly wants to examine Mr. Wilson about the same subject matter as his prior deposition in light of his testimony in another case – testimony that was in SCO Group's control long before the deposition and by their own admission was in the possession of its counsel a week or more before the first deposition. This does not constitute "new matters." It is re-visiting old matters. If Mr. Wilson's prior deposition testimony is consistent with his first deposition in this case, then there is no reasonable basis for asking him about it. If SCO Group believes that his prior testimony is not consistent with his deposition testimony in this case, it may attempt to use that

testimony for impeachment purposes at trial. In neither event is the burden to Mr. Wilson of a second deposition justified.

What is more, SCO Group admits that it had the deposition transcript at least a week before the first deposition of Mr. Wilson. SCO Group also admits that the deposition transcript was in documents produced by Novell, <u>SCO Group's own predecessor in interest</u>, to IBM. Once IBM received the document production from Novell it promptly forwarded them to SCO Group in less than a week. IBM nor Otis Wilson had possession of the documents at issue prior to Novell's production. SCO Group suggests that the deposition transcript was only available to it through IBM. In fact, SCO Group had control of the transcript before it even commenced its lawsuit against IBM. As Novell's successor in interest, SCO Group owned the transcript and, if it was not in SCO Group's own files, it had the means to obtain a copy. Still, if as SCO claims, it did not obtain possession of the deposition transcript – through no fault of IBM or Otis Wilson – until the Novell production, the fact still remains that the document at issue was a full deposition transcript bearing Otis Wilson's name, not one or two sheets of paper scattered throughout Novell's large production. SCO Group should have been able to spot the deposition transcript if they performed even a cursory review of the Novell production during the week preceding Mr. Wilson's first deposition.

Equally important, SCO Group provides no reason that it could not have obtained the Novell documents – either in its capacity as successor in interest to Novell or by subpoena – earlier in the 10-11 months of discovery that preceded Mr. Wilson's first deposition. Third party witnesses like Mr. Wilson should not be at the mercy of strategic decisions by the parties about when to pursue discovery from other persons.

In addition, the timing of SCO Group's effort to depose Mr. Wilson again is inconsistent with the contention that a duplicative deposition is justified by SCO Group's discovery of the prior deposition transcript. If SCO Group's allegedly belated discovery of that transcript in the prior production was the motivating factor for a second deposition, common sense suggests that SCO Group would have sought the second deposition within a reasonable time after the first deposition instead of waiting until the day before the discovery period expired a year and a half later. Certainly, SCO Group does not and cannot contend that it took more than a year and a half to discover the deposition transcript in the Novell production. Instead, SCO Group simply wants a second bite at the apple now that other witnesses have been deposed.

SCO Group's principle argument is that the Utah court already ruled on Mr. Wilson's objections. While counsel for SCO Group and counsel for IBM have different understandings about what issues the Magistrate Judge resolved – and what issues she did not resolve – in the January 26 conference call [*See* Declaration of Todd Shaughnessy][1] the Court need not resolve that conflict. The version of that conference call propounded by SCO Group would yield a result contrary to the governing provisions of the Federal Rules of Civil Procedure. The Committee Note to the 1991 Amendment to Rule 45 expressly states that issues about the enforcement of a subpoena are to be decided by the court in the district where the deponent lives and from which the subpoena must be issued:

> Pursuant to Paragraph (a)(2) [of Rule 45], a subpoena for a deposition must still issue from the court in which the deposition or production would be compelled. Accordingly, a motion to

---

[1] As stated in Mr. Wilson's brief responding to SCO Group's Motion to Compel, Mr. Shaughnessy was out of the country during the period of the expedited briefing sought by SCO Group. Mr. Shaughnessy has now returned to the country and provided a declaration. Mr. Wilson is submitting that declaration along with a Motion for Leave to File, contemporaneously with this Reply.

-3-

> quash such a subpoena if it overbears the limits of the subpoena
> power must, as under the previous rule, be presented to the court
> for the district in which the deposition would occur. Likewise, the
> court in whose name the subpoena is issued is responsible for its
> enforcement.

Given the procedure contemplated by the drafters of the rule, it would have been an extraordinary step for the Magistrate Judge in Utah to purport to control this Court's authority under a Rule that requires subpoenas to be issued, quashed and/or enforced by the court in this district, and it is noteworthy that SCO Group has not produced any order by the Utah Magistrate Judge expressly taking that extraordinary step. As a matter of common sense, the Magistrate Judge certainly would have expressly so provided in a written order, or at least in the minutes of the conference call, if she had intended a result that would be contrary to the procedures established by the governing Rule. The minutes of the conference call, however, contain no such express provision, and an affidavit from an attorney should not be allowed to take the place of an order, or in this case the judge's minutes from a conference call, especially where the affidavit would place an interpretation on the minute entry that would be contrary to the procedure established by Rule 45. This is particularly true given that everyone agrees Mr. Shaughnessy informed the Utah Court that he did not represent Mr. Wilson. Thus, according to the SCO Group, the Magistrate Judge in Utah not only exceeded the requirements of Rule 45, but also ruled on the objections of a third party without hearing from him.

Also of note, Mr. Normand's declaration omits any reference to the March 3, 2005 follow up call with the Magistrate Judge in Utah concerning this topic. During that call the Magistrate Judge advised the parties that Mr. Wilson's objections to the subpoena would need to be raised with the Court in North Carolina – consistent with the requirements of Rule 45, as outlined

-4-

above.  As a result, this Court can and should consider Mr. Wilson's objections without regard to what was resolved or not resolved by the Magistrate Judge in Utah.

SCO Group states in Footnote 1 of their response to Mr. Wilson's motion that he has not pointed to any Rule of Civil Procedure requiring a valid subpoena to list a specific location.  Mr. Wilson points out again – as he did in his prior papers before this Court – that Rule 45(a)(1)(C) requires a subpoena to list "a time and place" where testimony will be given or documents produced.  The subpoena purportedly served on Mr. Wilson does not give a location and therefore is defective.

SCO Group's reliance on *Celotex Corp. v. Edwards,* 514 U.S. 300, 313 (1995) is misplaced.  That case dealt with an injunction, not with a subpoena governed by Rule 45.  SCO Group has not cited any case supporting the proposition that a court in another district can or should control this Court's authority over subpoenas to citizens of this district.

## **CONCLUSION**

For the reasons stated above, and in Mr. Wilson's prior brief, his Motion to Quash the Subpoena and For Protective Order should be granted.

This the __28th__ day of _April__, 2006.

    __/s/Michael T. Medford_____
Michael T. Medford
 N.C. State Bar # 7227
Of MANNING, FULTON & SKINNER, P.A.
Attorneys for Otis L. Wilson
3605 Glenwood Avenue - Suite 500
Post Office Box 20389
Raleigh, North Carolina  27619-0389
Telephone:  (919) 787-8880
Facsimile:  (919) 787-8902
E-Mail:     medford@manningfulton.com

-5-

**CERTIFICATE OF SERVICE**

      This is to certify that a copy of the *Otis Wilson's Reply Brief In Support Of Motion To Quash* was duly served this date on counsel for all parties by electronic means if available or otherwise by forwarding a copy thereof enclosed in a postage-paid envelope, deposited in the United States Mail, addressed as follows:

Robert R. Marcus
SMITH MOORE, L.L.P.
Post Office Box 21927
Greensboro, North Carolina 27420
E-Mail: rob.marcus@smithmoorelaw.com
Telephone: (336) 378-5365
Facsimile: (336) 378-5200

Heather Howell Wright
SMITH MOORE, L.L.P.
Post Office Box 21927
Greensboro, North Carolina 27420
Telephone: (336) 378-5365
Facsimile: (336) 378-5200Brent O. Hatch

Robert Silver (admitted pro hac vice)
Edward Normand (admitted pro hac vice)
BOIES, SCHILLER & FLEXNER, LLP
333 Main Street
Armonk, New York 10504
Telephone (914) 749-8200
Facsimile: (914) 749-8300

David Marriott
Cravath, Swaine & Moore, LLP
Worldwide Plaza
825 Eighth Avenue
New York, New York 10019
Telephone: (212) 474-1000
Facsimile: (212) 474-3700

Todd Shaughnessy
Snell & Wilmer, LLP
1200 Gateway Tower West
15 West South Temple
Salt Lake City, Utah 84101-1004
Telephone: (801) 257-1900
Facsimile: (801) 257-1800

This the   28th   day of  April  , 2006.

    /s/Michael T. Medford
Michael T. Medford
 N.C. State Bar # 7227
Of MANNING, FULTON & SKINNER, P.A.
Attorneys for Otis L. Wilson
3605 Glenwood Avenue - Suite 500
Post Office Box 20389
Raleigh, North Carolina  27619-0389
Telephone:  (919) 787-8880
Facsimile:  (919) 787-8902
E-Mail:     medford@manningfulton.com

483783.-20064-L35387