UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF NORTH CAROLINA
CIVIL ACTION NO. 01: 06-MC-00046 PTS

| | |
|---|---|
| THE SCO GROUP, INC., <br><br> Plaintiff/Counterclaim-Defendant, <br><br> v. <br><br> INTERNATIONAL BUSINESS MACHINES CORPORATION, <br><br> Defendant/Counterclaim-Plaintiff. | Case No. 2:03CV0294DAK (pending in the District Court of Utah before Judge Dale A. Kimball) <br><br> ORAL ARGUMENT REQUESTED |

### PLAINTIFF'S SUPPLEMENTAL OPPOSITION MEMORANDUM IN RESPONSE TO OTIS WILSON'S MOTION TO QUASH DEPOSITION

Pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure and Local Rule 7.3 of the United States District Court for the Middle District of North Carolina, Plaintiff, The SCO Group, Inc. ("SCO"), submits the following supplemental opposition memorandum in response to the new matter raised in Otis Wilson's Reply Brief in Support of Motion to Quash.

### ARGUMENT

In his Reply Memorandum, Otis Wilson relies on the declaration of Todd M. Shaughnessy, whose declaration Mr. Wilson did not present in his opening memorandum, both to raise new matters therein and to make other arguments that Mr. Wilson could have made but did not make in his opening memorandum. To address the new matters and new arguments raised in Mr. Shaughnessy's declaration, SCO files this supplemental response memorandum and shows below why each of the new points that Mr. Wilson and IBM jointly present is incorrect and unavailing.

First, Mr. Wilson now argues that this new deposition could not be limited to "new" matters because this deposition would focus on his 1992 deposition testimony, the transcript of

which was produced among 50,000 pages of documents at most *one week* before his IBM deposition. Neither Mr. Wilson nor his joint IBM counsel Mr. Shaughnessy disputes that the Magistrate Judge rejected that argument because it is not reasonable to conclude that in five business days, at most, SCO could have reviewed 50,000 pages of documents relating to hundreds of issues and determined which fraction of those documents would be relevant to Mr. Wilson's deposition. Indeed, it takes more than one week to load 50,000 pages of documents into the searchable document database that SCO uses. By way of example, SCO produced to IBM – one of the world's largest computer companies – twelve days ago approximately 30,000 pages of documents that might or might not be relevant to the deposition of a former SCO engineer, and IBM claims that it cannot depose that engineer this week because it has not been able to review the documents.

<u>Second</u>, Mr. Wilson now argues that SCO could have and should have obtained Mr. Wilson's deposition testimony directly from the party that produced it to IBM (Novell, Inc.), because Novell is SCO's predecessor-in-interest. Mr. Wilson either carefully avoids or is simply ignorant of the facts. In fact, SCO sued Novell in January 2004 in United States District Court for the District of Utah. The suggestion that SCO could have simply contacted its predecessor-in-interest and quickly obtained all documents that might relate to Otis Wilson is incorrect. And Mr. Wilson has *no* response to the fact that both prior to and at the time of producing the 50,000 pages of documents, IBM declined to inform SCO that any documents produced from Novell were even in the production.

<u>Third</u>, Mr. Wilson now argues that if his previous deposition were all that SCO was concerned with, SCO should have sought his deposition shortly after SCO discovered the previous deposition testimony. This argument does not relate in any way to the substance of

2

both SCO's and Mr. Wilson's motions at issue. It obviously makes no difference to the relevance of his previous testimony or to the minimal burden Mr. Wilson faces. To the extent that Mr. Wilson intimates that SCO must *not* have regarded his previous testimony as relevant, the argument is specious. Both SCO and IBM faced a limit on the number of depositions that could be taken. Unsure whether Magistrate Judge Wells would regard SCO's request as a "deposition" to be counted against it, SCO more than reasonably waited to complete a substantial number of its depositions before determining that it could afford to subpoena and notice Mr. Wilson. In addition, a party prefers to have in hand as many relevant documents as possible before deposing any key fact witness. If anything, the amount of time SCO took between June 2004 and January 2006 was proportional to and a function of how relevant SCO regards Mr. Wilson's testimony to be. Mr. Wilson simply ignores, moreover, the increasing weight that IBM sought to place on his testimony during the depositions of fact witnesses deposed subsequent to his deposition in June 2004.

Fourth, Mr. Wilson now tries to suggest through Mr. Shaughnessy's carefully worded declaration that Magistrate Judge Wells somehow disagrees with SCO's description of her January 2006 ruling. But Mr. Shaughnessy uses the careful language he does for a reason. During the call on March 3, 2006, Magistrate Judge Wells made the unremarkable point that to the extent Mr. Wilson had acquired North Carolina counsel and was intent on opposing the subpoena in this jurisdiction, there was nothing she could do to interfere with that process. She made no comment on the merits of SCO's argument – that is, she did not revise in any way her resolution of the merits of the issue during the previous teleconference on January 26, 2006. It is correct to say that Magistrate Judge Wells could not preclude Mr. Wilson's motion to quash, just as it is correct to say that Mr. Wilson and IBM are in privity for purposes of his motion – a point

3

that Mr. Wilson makes no effort to oppose in his reply memorandum, and that Mr. Wilson's reliance on Mr. Shaughnessy's declaration supports. The Magistrate Judge's January 2006 Order, which SCO has never argued operates to preclude this Court from hearing Mr. Wilson's motions, *does* bind both Mr. Wilson and IBM.

Fifth, Mr. Wilson's latest round of arguments further underscore the patently unfair outcome that he and IBM have sought to achieve over the last several months. It should be clear that if, contrary to fact, Mr. Shaughnessy had prevailed in his arguments to Magistrate Judge Wells on January 26, 2004, then IBM would have argued thereafter that SCO could not take a deposition of Mr. Wilson – whether or not SCO filed a motion in North Carolina. Yet Mr. Wilson and Mr. Shaughnessy in support of his motion argue now that Magistrate Judge Wells's ruling is of no significance whatsoever, and they now cite as supposed evidence of the irrelevance of that ruling the fact that Mr. Wilson's counsel at the time simply declined to appear at the January 2006 teleconference regarding their client's rights. This procedural gamesmanship stands in stark opposition to the courtesy extended to Mr. Wilson, his counsel, and IBM's counsel at the time.

Finally, Mr. Wilson now says nothing about the two main factors regarding the propriety of a third-party deposition – namely, the relevance of the testimony and the burden imposed on the proposed deponent. SCO's previous submissions establish that Mr. Wilson's testimony in the multi-billion dollar case in Utah is central, his prospective deposition testimony will be crucial, and the deposition would impose a small burden on him. Mr. Wilson's failure to say anything about those points is telling.

4

## CONCLUSION

SCO respectfully requests that the Court order Mr. Wilson to appear for deposition pursuant to Rules 30 and 45 of the Federal Rules of Civil Procedure. SCO also respectfully requests that the Court hear oral argument on these motions.

This the 2nd day of May, 2006.

                                        /s/ Robert R. Marcus
                                        Robert R. Marcus
                                        N.C. State Bar No. 20041
                                        Heather H. Wright
                                        N.C. State Bar No. 28874

OF COUNSEL:

SMITH MOORE LLP
P.O. Box 21927 (27420)
300 N. Greene Street, Suite 1400
Greensboro, North Carolina 27401
Telephone: (336) 378-5200
Facsimile: (336) 378-5400


BOIES, SCHILLER & FLEXNER LLP
Robert Silver
Edward Normand
333 Main Street
Armonk, New York 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

*Attorneys for The SCO Group, Inc.*

# CERTIFICATE OF SERVICE

The SCO Group, Inc. hereby certifies that a true and correct copy of the foregoing was served by facsimile and first-class mail on International Business Machines Corporation and counsel for Otis Wilson on:

    David Marriott, Esq.
    Cravath, Swaine & Moore LLP
    Worldwide Plaza
    825 Eighth Avenue
    New York, New York 10019
    Facsimile: 212) 474-3700

    Todd Shaughnessy, Esq.
    Snell & Wilmer LLP
    1200 Gateway Tower West
    15 West South Temple
    Salt Lake City, Utah 84101-1004
    Facsimile: (801)-257-1800

    Michael T. Medford, Esq.
    Manning, Fulton & Skinner, P.A.
    Glenwood Plaza, Suite 500,
    3605 Glenwood Avenue
    P.O. Box 20389
    Raleigh, North Carolina 27619-0389
    Facsimile: (919)-787-8902

This the 2nd day of May, 2006.

                                                  /s/ Robert R. Marcus
                                                  Robert R. Marcus